**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **JOHN DOE,** | |
| **Plaintiff,** | |
| **v.** | **Civil Action No. 26-400** |
| **FRANK BISIGNANO,** **Commissioner, Social Security** **Administration,** | |
| **Defendant.** | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff John Doe, appearing *pro se*, appeals a disability-insurance-benefits decision of

the Commissioner of the Social Security Administration under Title II of the Social Security Act.

See ECF No. 1 (Compl.) at 2.  Doe alleges that the Commissioner's decision was not supported

by substantial evidence and based on legal errors.  Id. at 3.  He also seeks to shield his identity

from the public "to prevent serious collateral harm wholly unrelated" to this litigation.  See ECF

No. 2 (Mot.) at 2.  For the reasons set forth below, the Court will grant in part and deny in part

Doe's Motion to proceed under pseudonym.

**I.      Legal Standard**

Generally, a complaint must identify the plaintiffs.  See Fed. R. Civ. P. 10(a);

LCvR 5.1(c)(1).  That requirement reflects the "presumption in favor of disclosure [of litigants'

identities], which stems from the 'general public interest in the openness of governmental

processes,' and, more specifically, from the tradition of open judicial proceedings."  In re Sealed

Case, 931 F.3d 92, 96 (D.C. Cir. 2019) (quoting Wash. Legal Found. v. U.S. Sentencing

Comm'n, 89 F.3d 897, 899 (D.C. Cir. 1996)).  A party moving to proceed pseudonymously thus

1

"bears the weighty burden of both demonstrating a concrete need for such secrecy, and identifying the consequences that would likely befall it if forced to proceed in its own name." In re Sealed Case, 971 F.3d 324, 326 (D.C. Cir. 2020). As a result, the court must "'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure'" by applying a "flexible and fact driven" balancing test. Id. (quoting In re Sealed Case, 931 F.3d at 96). That test assesses "five non-exhaustive factors":

(1)  whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of a sensitive and highly personal nature;

(2)  whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties;

(3)  the ages of the persons whose privacy interests are sought to be protected;

(4)  whether the action is against a governmental or private party; and relatedly,

(5)  the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Id. at 326–27 (cleaned up).

## II.    Analysis

Plaintiff offers five factors of his own that are similar to, but differing from, the balancing test laid out above. See Mot. at 4. The Court, however, evaluates this Motion in the context of the preceding framework. While Doe's asserted risk of professional and reputational harm does not pass muster, he nonetheless prevails on the first factor because his medical history is the subject of this litigation. Id. If a matter involves medical information, the first factor generally favors pseudonymity. See e.g., In re Sealed Case, 971 F.3d at 327 (medical information is considered sensitive and highly personal information); Doe v. Spahn, No. 23-2859, ECF No. 7 (Mem. Op.) at 3 (D.D.C. Oct. 2, 2023) (finding first factor favored pseudonymity when plaintiffs sought to avoid disclosing "medical conditions . . . such as major depressive disorder, bipolar

2

disorder, post-traumatic-stress disorder, and panic disorder, as well as their medications and treatment"). Doe here has alleged privacy harm from exposing specific medical information and psychiatric evaluations to the public. See Mot. at 4; Compl. at 3–4 (referencing physical symptoms of nerve damage, footdrop, fatigue, and citing to various medical and psychiatric reports in administrative record). This case thus concerns "a matter of a sensitive and highly personal nature." In re Sealed Case, 971 F.3d at 326 (cleaned up).

The second and third factors, on the other hand, favor identifying Plaintiff. The second asks "whether identification poses a risk of retaliatory physical or mental harm." Id. (quoting In re Sealed Case, 931 F.3d at 96). Retaliatory harm typically involves threats to safety. See, e.g., J.K.A. v. United States, No. 23-2273, ECF No. 7 (Mem. Op.) at 3–4 (D.D.C. Aug. 10, 2023) (finding factor favored pseudonymity when plaintiffs faced "threats of retaliation" from foreign government). Risks to mental harm can also suffice where a plaintiff is mentally ill. See, e.g., Doe v. Cabrera, 307 F.R.D. 1, 7 (D.D.C. 2014) ("Out of grave concern that the Court could exacerbate any psychological issues the plaintiff is currently experiencing, the Court finds that this factor weighs in favor of anonymity."). Doe primarily asserts risk of professional and reputational harm, as mentioned in the first factor. See Mot. at 4. In only a passing reference to risk of mental harm, he alleges "disproportionate emotional . . . consequences" from exposure given his "mental health conditions." Id. at 4–5. The second factor thus disfavors anonymity because Plaintiff does not show a concrete risk of retaliatory physical or mental harm. The third factor — "the ages of the persons whose privacy interests are sought to be protected," In re Sealed Case, 971 F.3d at 326 (quoting In re Sealed Case, 931 F.3d at 97) — also weighs against pseudonymity. Doe is an adult, see Mot. at 4 ("Plaintiff holds an inactive law license."), and exposure of his personal medical information does not implicate the privacy or safety of a minor.

The fourth factor, in cases with a government defendant, turns on the nature of relief sought.  Anonymity is favored when a plaintiff seeks individualized relief, but disfavored when program-wide relief is sought.  Compare Doe v. Blinken, No. 24-1629, ECF No. 3 (Mem. Op.) at 5 (D.D.C. June 11, 2024) ("When a plaintiff requests individualized relief against a government defendant — as here, where Doe challenges a year-long delay in adjudicating his SIV application — the fourth factor favors pseudonymity.") (citation omitted), with In re Sealed Case, 971 F.3d at 329 ("That public interest is intensified when, as here, the party asking to proceed anonymously seeks to alter the operation of public law both as applied to it and, by virtue of the legal arguments presented, to other parties going forward.").  Doe seeks only individualized relief — namely, a grant of monthly maximum insurance benefits.  See Compl. at 4.  No programmatic relief is sought.  This factor thus counsels in favor of pseudonymity.

The fifth factor also tips that way.  SSA would suffer no "risk of unfairness" if the Motion were granted.  In re Sealed Case, 971 F.3d at 327 (quoting In re Sealed Case, 931 F.3d at 97).  Doe's identity will not be shielded from Defendant since he will file a declaration of true name and notice of his residence address under seal.  See Mot. at 6.  Defendant also has complete access to the administrative record.  Id. at 5.  In such circumstances, this factor tilts against disclosure.  See, e.g., In re Sealed Case, 971 F.3d at 326 n.1 (explaining that this factor is "not implicated" where defendant knows plaintiff's identity); Doe v. ICE, No. 24-617, ECF No. 9 (Mem. Op.) at 5 (D.D.C. Mar. 8, 2024) (same).  Defendant, of course, remains free to request additional information as needed for a full and fair defense of the case, and Doe remains free to object.

On balance, although the second and third factors support identifying Plaintiff, the first, fourth, and fifth factors lend sufficient weight to proceeding pseudonymously.  At this early

4

stage, there is little risk of prejudice to Defendant, while Plaintiff retains a "legitimate interest in anonymity" given the sensitive medical information at stake. In re Sealed Case, 931 F.3d at 96.

Plaintiff also asks to seal the entire administrative record when filed by the agency. See Mot. at 2, 5. Doe reasons that the record contains biographical details that "function as persistent identifiers." Id. at 2. The Court denies that request, finding it "somewhat superfluous and . . . certainly overbroad" to seal the whole administrative record. Doe v. Lieberman, WL 13260569, at *3 (D.D.C. Aug. 5, 2020). At this early stage, "the narrower remedy of allowing plaintiff to proceed anonymously achieves the end plaintiff is after." Id. Plaintiff remains free to make his case to seal the administrative record, in whole or in part, before the District Court Judge to whom this case is randomly assigned.

## III. Conclusion

For the foregoing reasons, the Court ORDERS that:

1. Plaintiff's [2] Motion for Leave to Proceed Under Pseudonym and for a Protective Order is GRANTED, subject to any further consideration by the United States District Judge to whom this case is randomly assigned;

2. To the extent that Plaintiff asks for a Protective Order directing that the Administrative Record, once filed by Defendant, be maintained under seal in its entirety, that Motion is DENIED;

3. All parties shall use the pseudonym listed in the Complaint in all documents filed in this action;

4. For all public filings, the parties shall redact Plaintiff's name, age, date of birth, address, Social Security number, and any other personally identifying information that could lead to the identification of Plaintiff by non-parties; and

5

5.  Within fourteen days of this Order, Plaintiff shall file:

      i.  A pseudonymous version of his [2] Motion on the public docket; and

     ii.  A sealed declaration containing his real name and residential address.


/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date:  March 6, 2026